UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS LAND COURT;<br>JUDGE ROBERT B. FOSTER; and<br>MASSACHUSETTS COURT OF<br>APPEALS,<br><br>    Defendants. | No. 1:25-cv-10046-JEK |

## MEMORANDUM AND ORDER

**KOBICK, J.**

Plaintiff Charles Clark, who is proceeding *pro se*, brings this action against the Massachusetts Land Court, the Massachusetts Appeals Court, and Land Court Judge Robert B. Foster. Clark alleges that a Land Court decision denying his petition to register his ownership interest in a parcel of land in Yarmouth Port, Massachusetts, as well as the Appeals Court's affirmance of that decision, violated his due process rights under the Fourteenth Amendment. The defendants seek dismissal of this action on the basis of Eleventh Amendment immunity and judicial immunity. For the reasons that follow, the Court will grant their motion to dismiss and deny Clark's pending motions.

### BACKGROUND

In 2007, Clark filed a petition in the Land Court seeking to establish ownership of a parcel of land through an 1892 tax deed purporting to convey the property to Clark's ancestor, Thacher Hallet. ECF 14-1, at 1, 5-7. On summary judgment, Judge Foster rejected Clark's petition,

concluding that "[b]ecause the tax deed was not recorded within thirty days [of the sale of the property], it was never valid and did not convey the property to Thacher Hallet." *Id.* at 7; *see* St. 1888, c. 390, § 43 (requiring tax deed to be recorded within thirty days of sale to satisfy conveyance). Though Judge Foster did not issue final judgment as to all of Clark's claims—including a pending adverse possession claim—he permitted Clark to appeal the order denying summary judgment and an order denying Clark's motion for reconsideration. ECF 14-3, at 2-4.

The Appeals Court affirmed the Land Court's orders on July 15, 2024. *See Clark v. Johnson*, 104 Mass. App. Ct. 1113 (2024) (Rule 23.0 opinion). The panel noted that under Massachusetts law at the time, for the tax deed to be valid, it had to have been "'recorded within thirty days from the day of sale.'" *Id.* at *1 (quoting St. 1888, c. 390, § 43). Since, according to the Appeals Court, Hallet had recorded the deed over thirty days after the date of sale, the deed conveyed no title. *Id.* The Appeals Court rejected Clark's alternative argument—that "the August 1892 transaction was not a tax sale . . . but rather a 'redemption' . . . under [St. 1888, c. 390,] § 57"—because "[t]here was no tax sale for [Hallet] or any of the other owners of the property to redeem." *Id.* at *3. The Supreme Judicial Court denied Clark's application for further appellate review on October 16, 2024. *Clark v. Johnson*, 494 Mass. 1108 (2024).

On January 23, 2025, Clark filed a complaint in this Court seeking injunctive relief against the Land Court, the Appeals Court, and Judge Foster. ECF 1. Although the complaint does not identify a specific cause of action, Clark appears to allege due process violations under 42 U.S.C. § 1983.[1] The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF 13, and Clark filed several motions seeking recusal of Judge

---

[1] In his response to the defendants' motion to dismiss, Clark confirms that "[t]his case arises under 42 U.S.C. § 1983." ECF 18, at 1.

Foster from his Land Court case, *see* ECF 10, 16, 28. After receiving opposition briefs and holding a hearing, the Court took the motions under advisement. ECF 24.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted.'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

A motion to dismiss under Rule 12(b)(1) that contests subject matter jurisdiction is reviewed under "essentially the same [standard] as a Rule 12(b)(6) analysis." *Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quotation marks omitted). The Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor" to determine whether the complaint plausibly alleges a basis for subject matter jurisdiction. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

3

## DISCUSSION

The defendants contend that Clark's claims against the Appeals Court and Land Court are barred by the Eleventh Amendment and that his claim against Judge Foster is barred by the judicial immunity conferred by the Federal Courts Improvement Act of 1996.

The Eleventh Amendment provides States with immunity from suit in federal court unless the State has waived its immunity by consenting to be sued or Congress has expressly abrogated that immunity. *See Maysonet-Robles v. Cabrero*, 323 F.3d 43, 48-49 (1st Cir. 2003). The immunity conferred by the Eleventh Amendment also extends to entities that are "'arm[s] of the state.'" *See Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002). State courts, like the Land Court and Appeals Court, are considered "arms of the state" for purposes of the Eleventh Amendment and thus are immune from suit unless an exception to immunity applies. *See Bostwick v. Middlesex Superior Ct.*, No. 24-cv-10164-ADB, 2025 WL 950997, at *4 (D. Mass. Mar. 27, 2025) (citing *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)); 13 C. Wright, A. Miller & R. Freer, Federal Practice & Procedure § 3524.2 (3d ed. May 2025 update) ("As a general matter, state courts are considered arms of the state.").

Clark has not demonstrated that any exception to Eleventh Amendment immunity applies here. He has not shown that the Land Court and Appeals Court have waived their immunity by "making a clear declaration" of intent to submit to this Court's jurisdiction. *Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 24 (1st Cir. 2001) (quotation marks omitted). Nor has Congress abrogated States' Eleventh Amendment immunity from section 1983 claims. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 62 (1989) ("[Section] 1983 'could not have been intended to include States as parties defendant.'" (quoting *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452 (1976))); *Green v. Mansour*, 474 U.S. 64, 68 (1985) (Congress may abrogate a

4

State's sovereign immunity, but only when it "unequivocally expresses its intent" to do so). Accordingly, the Eleventh Amendment bars Clark from asserting his claims against the Land Court and Appeals Court in this Court.

The defendants next contend that Clark's claim against Judge Foster is barred by the Federal Courts Improvement Act of 1996 ("FCIA"), which, as relevant here, amended section 1983 to immunize "judicial officers" from lawsuits seeking injunctive relief. Pub. L. No. 104-317, § 309(c), 110 Stat. 3853; *see Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006); *Brown v. Rhode Island*, 511 F. App'x 4, 6 (1st Cir. 2013) (per curiam). The FCIA provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Clark's claim against Judge Foster arises from acts taken in Judge Foster's judicial capacity. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself," such as "whether it is a function normally performed by a judge, and . . . whether [the parties] dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quotation marks omitted). Clark alleges that Judge Foster made decisions "based upon extra legal rulings" that "lacked rationale" and "corrupted the process"; "[i]gnor[ed] or refus[ed] to consider properly submitted evidence" by "chang[ing] and ignor[ing] the Law"; "made decisions, took actions, issued rulings, [and] voided a valid deed" in order to "forc[e] an Adverse Possession action"; and erred by not requiring the opposing party "to post a legally required bond over [Clark's] objection." ECF 1, at 6. Resolving motions, determining what evidence may be considered, and deciding whether to require a bond are quintessential judicial-capacity actions. Clark seeks injunctive relief, confirming that he requests "[n]o money at this time," and he does not suggest that Judge Foster

violated any declaratory decree or that declaratory relief is otherwise unavailable. ECF 1, at 4. His section 1983 claim against Judge Foster is therefore barred by the FCIA. And because Judge Foster is immune from this suit, Clark's other motions, which concern his disagreement with Judge Foster's decision not to recuse from the Land Court case, must also be denied.

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the defendants' motion to dismiss, ECF 13, is GRANTED. Clark's Motion to Object, ECF 10; Motion for Recusal, ECF 16; and Motion for Obstruction of Justice, ECF 28, are DENIED.

SO ORDERED.

Dated: July 23, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

6